New Horizon Surgical Center, L.L.C., as Assignee of MICHAEL YIANGINIS, Respondent, 
against
Allstate Insurance Company, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered November 12, 2014. The judgment, entered upon a decision of the same court dated February 4, 2014, after a nonjury trial, awarded plaintiff the principal sum of $7,790.60.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated February 4, 2014 is deemed a premature notice of appeal from the judgment entered November 12, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
In this action by a New Jersey facility to recover assigned first-party no-fault benefits, the parties stipulated, prior to the commencement of a nonjury trial, that defendant had received plaintiff's claim form seeking $7,790.60 for a facility fee for a manipulation under anesthesia (MUA) procedure performed at plaintiff's facility and that defendant had issued a timely denial of claim form premised upon a lack of medical necessity, based on an independent medical examination (IME). The sole witness to testify at trial was Dr. Kevin S. Portnoy, D.C., a licensed chiropractor, who had performed the IME. Dr. Portnoy testified that he had concluded, based on the IME, that the assignor's injuries had resolved and that there was therefore a lack of medical necessity for the MUA procedure.
In a decision after trial, the Civil Court (Philip S. Straniere, J.) found that Dr. Portnoy was a credible witness and that his testimony had sufficiently demonstrated a lack of medical necessity. Because plaintiff had not submitted any evidence to the contrary, the Civil Court determined that "the action must be dismissed." Nevertheless, the court, in its decision, which ultimately found for plaintiff in the sum of $7,790.60, stated the following: "This court has held that chiropractors cannot perform MUA in New York because it is considered a surgical procedure and only physicians may perform. Therefore opinion of chiropractor is not sufficient to establish lack of medical/chiropractic necessity of MUA or surgical center charge." A judgment awarding plaintiff the principal sum of $7,790.60 was entered pursuant to the decision.
Dr. Portnoy's testimony, which the court found credible, demonstrated a factual basis and medical rationale for the determination that there was a lack of medical necessity for any further chiropractic treatment, including the MUA procedure at issue (see Alev Med. Supply, Inc. v [*2]Government Employees Ins. Co., 40 Misc 3d 128[A], 2013 NY Slip Op 51096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]) and, by extension, the facility fee which was sought in the claim in question. Thus, the burden shifted to plaintiff to present evidence as to why that additional treatment was needed either because plaintiff's assignor's condition had changed after the IME or because Dr. Portnoy's opinion following the IME was erroneous. As plaintiff called no witnesses to rebut defendant's showing of a lack of medical necessity (see West Tremont Med. Diagnostic, P.C. v Geico Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), the Civil Court should have dismissed the complaint.
In view of the foregoing, we need not decide whether the Civil Court erred in finding that chiropractors cannot perform MUA procedures in New York.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016